[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  11-10407

_____

District Court Nos. 1:09-cv-00629-CG,
1:06-cr-00206-CG-B-1

QUANG VAN NGUYEN,

Movant,

versus

UNITED STATES OF AMERICA,

Respondent.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(August 16, 2012)

Before JORDAN and FAY, Circuit Judges, and HOOD,* District Judge.

PER CURIAM:

_____

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

Following oral argument and a review of the record, we vacate the district court's order denying relief because we conclude that Mr. Nguyen is entitled to an evidentiary hearing on his ineffective assistance of counsel claim.  Given the definition of "ice" in USSG § 2D1.1(c), Note (C)  (defining "ice," for purposes of § 2D1.1, as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity"), this is not one of those cases where the "motion and the files and records of the case show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.

On remand, the district court shall hold an evidentiary hearing on Mr. Nguyen's claim that his counsel rendered ineffective assistance at sentencing by failing to object to the methamphetamine being "ice" for purposes of § 2D1.1.  At the evidentiary hearing, Mr. Nguyen shall have the burden of showing (1) that his counsel rendered deficient performance by failing to object, and (2) that there is a reasonable probability that the deficient performance affected the outcome of the sentencing hearing (i.e., that there is a reasonable probability that, had counsel objected, the government would not have been able to establish that the methamphetamine was "ice" under § 2D1.1(c), Note (C)).  *See Strickland v. Washington,* 466 U.S. 668, 694 (1984) (defining a "reasonable probability as a probability sufficient to undermine confidence in the outcome").  At the conclusion

2

of the evidentiary hearing, the district court shall issue findings of fact and conclusions of law and enter a new judgment granting or denying § 2255 relief.

The district court shall appoint counsel for Mr. Nguyen pursuant to Rule 8(C) of the Rules Governing § 2255 Motions, which provides that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)[.]" *See Sheperd v. United States,* 253 F.3d 585, 587 (11th Cir. 2001). The district court may wish to consider appointing, as Mr. Nguyen's counsel for the evidentiary hearing, the attorney who was court-appointed to represent Mr. Nguyen on appeal, as that attorney is now familiar with the record.

**VACATED AND REMANDED FOR AN EVIDENTIARY HEARING.**